[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION AS TO HEARING IN DAMAGES
This matter was initiated by writ, summons and complaint dated November 26, 1991 and filed with the Clerk of the Court on December 16, 1991.
The return date was December 24, 1991.
Service was made on the Defendant V A Developers, Inc. by Deputy Sheriff John E. Cowles as of record more fully appears. CT Page 7004
Service was made pursuant to the provisions of Sec. 33-297 Conn. General Statutes upon the Secretary of State. See also Return Receipt Card as on file.
See also affidavit of Theodore Herrmann, Deputy Sheriff, Middlesex County.
The Plaintiffs secured a default against the Defendant V and A Developers, Inc. only for failure to appear which default was granted on May 5, 1992.
The matter came on for a hearing in damages before this court on July 23, 1992 at which time the Plaintiffs appeared with counsel.
The Defendant V and A Developers, Inc. made default of appearance at the hearing.
On the basis of the sworn testimony of the Plaintiff, Joseph Albuquerque, the court makes the following findings.
1. The Plaintiffs and the Defendant V A Developers, Inc. entered into a contract on October 11, 1989, whereby the Plaintiffs were to purchase a certain residence known as 44 Hopyard Road, East Haddam, Conn. for and in consideration of $255,500.00 dollars. See Plaintiffs exhibit A.
2. Closing of title between the Plaintiffs and the Defendant V A Developers, Inc. took place on December 1, 1989 at which time Plaintiffs received title and Defendant V A Developers, Inc. was paid in full.
3. The Certificate of Occupancy provided by the Defendant V A Developers, Inc. to the Plaintiffs was a conditional one in that the bathroom vents had not been installed in accordance with building code requirements of the Town in that they were vented into the attic instead of outside.
4. At the time of closing the Defendant V A Developers, Inc. agreed to correct certain deficiencies or defects. See Plaintiffs exhibit B.
The defects noted in exhibit B were for the purpose of defining the reference in the addendum to Sales agreement referring to "as is" condition.
5. After taking up residence in their new home CT Page 7005 the Plaintiffs determined the existence of certain defects in said residence and the lot on which it was situated.
The driveway to the premises of about 300' more or less was incorrectly pitched so that surface water flooded the garage and basement when it rained or snow melted on divers occasions.
The catch basin installed for the purpose of avoiding this problem was incorrectly installed and constructed.
The exterior paint and stain was improperly applied under conditions where the surface of the wood had weathered excessively or was wet when the paint and stain were applied and the condition has resulted in the paint and stain peeling off leaving the surface open to the elements.
6. Numerous requests were made by the Plaintiffs to the Defendant V A Developers, Inc. and its President, Vincent Neri, to correct the above noted defects but all to no avail. See Plaintiffs exhibit D.
7. The President of the Defendant Builder V A Developers, Inc. visited the subject premises during the summer of 1990 acknowledged the defects but never remedied the same.
8. The Plaintiff, Joseph Albuquerque, is President of Yardscapes, Inc. which is a licensed home repairer.
In addition to the testimony of the Plaintiff, Joseph Albuquerque, the Plaintiffs offered certain estimates and proposals secured from area artisans and materialmen to correct the claimed defects. See Plaintiffs exhibit C.
9. The court finds that the Plaintiffs have proved the allegations contained in their complaint.
The court finds that the Defendant V A Developers, Inc. has failed and neglected to complete the work promised to be completed or corrected same, has negligently and carelessly failed to complete or correct the claimed defects, has caused and required the plaintiffs to incur expense to complete and correct some of the deficiencies and defects and has breached warranties express or implied or in violation of statute.
The court finds that the reasonable cost to repair or correct the defects or deficiencies as concerns the proper venting of the bathroom, the repair and correction CT Page 7006 of the drainage problems including the catch basin, the correcting of the pitch of the driveway, the restaining and repainting of the residence trim is to the amount of $10,369.00 and judgment is entered in favor of the Plaintiffs and against the Defendant V A Developers, Inc. only in that amount.
The court grants the request for attorneys fees in the amount of $1,500.00 plus costs and allowable statutory interest.
AUSTIN, J.